UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: <br><br> INFORMATION THAT IS STORED AT PREMISES CONTROLLED BY TWITTER INC. IDENTIFIED IN ATTACHMENT A | SC No. 23-SC-31 <br><br> <u>Under Seal</u> |

**ORDER**

This matter having come before the Court pursuant to the application of the United States to seal the above-captioned warrant and related documents, including the application and affidavit in support thereof and all attachments thereto and other related materials (collectively the "Warrant"), and to Twitter Inc. ("PROVIDER"), an electronic communication service provider and/or a remote computing service provider located in San Francisco, California, not to disclose the existence or contents of the Warrant pursuant to 18 U.S.C. § 2705(b), and to authorize the government to delay disclosure of the Warrant to the owners of the emails identified in Attachment A, ("TARGET ACCOUNT(S)") pursuant to 18 U.S.C. § 3101(a).

The Court finds reasonable grounds to believe that such disclosure will result in destruction of or tampering with evidence, intimidation of potential witnesses, and serious jeopardy to the investigation, as defined in 18 U.S.C. § 2705(b).

The Court further finds that the government has also provided facts giving good cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705(a)(2). Specifically, the Court finds that immediate notification to the customer or subscriber of the TARGET ACCOUNT(S) would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1).

The Court further finds that, because of such reasonable grounds to believe the disclosure will so impact the investigation, the United States has established that a compelling governmental interest exists to justify the requested sealing.

1. IT IS THEREFORE ORDERED that, pursuant to 18 U.S.C. § 2705(b), PROVIDER and its employees shall not disclose the existence or content of the Warrant to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of 180 days (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

2. IT IS FURTHER ORDERED that the application is hereby GRANTED, and that the warrant, the application and affidavit in support thereof, all attachments thereto and other related materials, the instant application to seal, and this Order are sealed until otherwise ordered by the Court.

3. IT IS FURTHER ORDERED that the Clerk's office shall not make any entry on the public docket of the Warrant until further order of the Court.

Date:   January 17, 2023

                                        HON. BERYL A. HOWELL
                                        CHIEF JUDGE

cc:   GREGORY BERNSTEIN
      Assistant Special Counsel