UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>INFORMATION THAT IS STORED AT PREMISES CONTROLLED BY TWITTER INC. IDENTIFIED IN ATTACHMENT A | Case No. 23-SC-31<br><br>**Filed Under Seal** |

### GOVERNMENT'S MOTION FOR AN ORDER TO SHOW CAUSE WHY TWITTER INC. SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH A SEARCH WARRANT

Twitter Inc. ("Twitter") refuses to comply with the search warrant issued by this Court pursuant to 18 U.S.C. § 2703 for information associated with the Twitter account "@realDonaldTrump." ECF No. 4 (the "Warrant"). Twitter asserts two grounds for its non-compliance. First, Twitter asserts that the non-disclosure order accompanying the warrant, ECF No. 3 (the "NDO"), issued by this Court pursuant to 18 U.S.C. § 2705(b), is unconstitutional. But the constitutionality of the non-disclosure order is unrelated to the validity of the Warrant, and Twitter's apparent desire to contest it does not excuse its non-compliance. Second, Twitter refuses to produce records in response to the Warrant until the account holder has an opportunity to litigate its validity. But neither the Warrant nor Section 2703 provide for such a procedure or excuse Twitter's non-compliance. Accordingly, the Government moves this Court to issue an order scheduling a hearing forthwith for Twitter to show cause why it should not be held in contempt for failing to comply with the Warrant's commands. Consistent with the Order sealing the Warrant and related materials, ECF No. 3, the Government also requests that the Court place this Motion, the accompanying Order, and any related materials under seal.

On January 17, 2023, the Government applied for the Warrant, as well as the accompanying NDO, which requires that Twitter not disclose the contents or existence of the Warrant for a period

of 180 days. ECF Nos. 1, 2. The Court issued the Warrant and the NDO the same day. ECF Nos. 3, 4. The Warrant required that Twitter disclose to the Government information responsive to the Warrant within 10 days of the Warrant's issuance. ECF No. 4, Attachment B, ¶ 5.

Twice on January 17, 2023, the Government attempted to serve the Warrant and NDO on Twitter through its Legal Requests Submissions site but received an automated message indicating that the "page [was] down." On January 19, 2023, the Government successfully served the Warrant and NDO through the site.

On January 25, 2023, the Government contacted counsel for Twitter to inquire as to the status of the Warrant. Counsel for Twitter indicated she was not aware of the Warrant but would consider it a priority. The same day, the Government separately provided Twitter's counsel with the signed warrant and NDO (previously served through Twitter's Legal Requests Submissions site). On January 27, 2023, Twitter's counsel informed the Government that Twitter would not be able to comply with the Warrant by its deadline, but would provide an update on January 31, 2023. On January 31, 2023, counsel for Twitter informed the Government that Twitter believes the NDO violates the First Amendment. Going further, Twitter indicated that it would not comply with the Warrant promptly, even in the absence of an NDO, because it wishes to give the account holder an opportunity to challenge or otherwise object to the Warrant before the Government has the opportunity to review any responsive materials. The Government requested that Twitter provide, by close of business on February 1, 2023, authority for its assertion that it can refuse to comply with the Warrant pending a challenge to the NDO. Twitter provided no such authority, instead citing inapposite First Amendment case law while reiterating that Twitter "remain[s] unclear as to what remedy DOJ would propose in this unique situation in the event that the NDO is deemed invalid yet the materials have already been reviewed" by the Government.

The Government now moves for an Order to Show Cause why Twitter should not be held in contempt for its failure to timely comply with the Warrant's commands. The Warrant ordered Twitter to produce responsive information by January 27, 2023. More than five days have passed since the deadline, and Twitter has disclosed nothing to the Government, nor apparently taken the necessary steps to do so. Instead, Twitter proffers the possibility of litigation as to the NDO and the collateral aim of preventing the Government from reviewing responsive materials until such time as the account holder can challenge the Warrant. The Warrant does not countenance the indefiniteness and interference Twitter seeks.

First, the Warrant and NDO are different court orders, imposing different obligations. Twitter may not delay, to an unknown future date, compliance with the Warrant by challenging the NDO. The Government has an interest in prompt enforcement of the Warrant, regardless of any challenge to the NDO. *See, e.g., Google LLC v. United States*, 443 F. Supp. 3d 447, 455 (S.D.N.Y. 2020) (denying request to stay warrant deadline pending resolution of challenge to accompanying non-disclosure order, noting "any further delay . . . increases the risk that evidence will be lost or destroyed, heightens the chance that targets will learn of the investigation, and jeopardizes the Government's ability to bring any prosecution in a timely fashion"). Second, neither the Warrant itself nor Section 2703 provide for intervention by a third party before compliance with the Warrant is required. Twitter can point to no authority suggesting otherwise.

Under 18 U.S.C. § 401(3), this Court has the "power to punish by fine or imprisonment, or both, . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Given Twitter's failure to comply with the Warrant's commands, the Court should order Twitter to show cause, at a hearing forthwith, why it should not be held in contempt under Section 401(3). The Government further requests that the hearing be held forthwith, with personal appearance by

a company representative.

      For the foregoing reasons, the Government asks this Court to issue an order to show cause why Twitter should not be held in contempt for its failure to comply with the Warrant. A proposed Order is attached.

                                              Respectfully submitted,

                                              JACK SMITH
                                              Special Counsel

                    By:     /s/ *Mary L. Dohrmann*
                            Mary L. Dohrmann (N.Y. Bar No. 5443874)
                            Assistant Special Counsel
                            950 Pennsylvania Avenue, N.W.
                            Washington, D.C. 20530
                            (202) 714-9376