UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: | Case No. 23-SC-31 |
| INFORMATION THAT IS STORED AT PREMISES CONTROLLED BY TWITTER INC. IDENTIFIED IN ATTACHMENT A | **Filed Under Seal** |

## ORDER AUTHORIZING LIMITED DISCLOSURE AND IMPOSING PROTECTION

The United States has responded in opposition to Twitter Inc's motion to vacate or modify an order that it not disclose the existence of a search warrant. ECF No. 7. The Government requests that certain protections be imposed to ensure the secrecy of the sealed proceeding. By Local Rule of this Court, because the proceeding on this motion is "in connection with a grand jury subpoena or other matter occurring before a grand jury, all other papers filed in support of or in opposition to [the] motion . . . shall be filed under seal," and all hearings "shall be closed." D.D.C. LCrR 6.1. Here, the Government's Ex Parte Opposition directly discusses matters occurring before the grand jury, and the Government's Sealed Opposition refers to an ongoing grand jury investigation. Accordingly, the proceeding on the motion must not be made public except by order of the Court. *See id.* ("Papers, orders and transcripts of hearings subject to this Rule, or portions thereof, may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury."). These requirements advance the important public and private interests served by the grand jury secrecy requirement contained in Federal Rule of Criminal Procedure 6(e). *See, e.g., United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983) ("[I]f preindictment proceedings were made public, many prospective witnesses would be hesitant to

come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." (quoting *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979)); *see also McKeever v. Barr*, 920 F.3d 842, 844–45 (D.C. Cir. 2019) (articulating the "vital interests" safeguarded by Federal Rule of Criminal Procedure 6(e)).

To ensure adherence to Local Criminal Rule 6.1, Federal Rule of Criminal Procedure 6(e), and the interests underlying those rules, it is:

1. **ORDERED** that the Government is directed, upon issuance of this Order, to provide Twitter with a copy of the Government's Sealed Opposition to Twitter Inc's Motion to Vacate or Modify Non-Disclosure Order and Stay Twitter's Compliance with Search Warrant; it is further

2. **ORDERED** that the Government is authorized to file an *ex parte* Opposition to Twitter Inc's Motion to Vacate or Modify Non-Disclosure Order and Stay Twitter's Compliance with Search Warrant; it is further

3. **ORDERED** that the Government and Twitter shall not disclose to the public the existence of this proceeding, any papers or orders filed in this proceeding, or the substance of anything occurring in this proceeding; and it is further

4. **ORDERED** that the attorneys of record shall restrict disclosure of this proceeding, including disclosure of any papers and orders filed in this proceeding, to their clients and to those individuals adjudged by the attorney as necessary to litigate the issues presented.

**SO ORDERED.**

DATE: February 17, 2023.

_____
BERYL A. HOWELL
CHIEF JUDGE