UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: INFORMATION THAT IS STORED AT PREMISES CONTROLLED BY TWITTER INC. IDENTIFIED IN ATTACHMENT A | Case No. 23-SC-31<br><br>**Under Seal**<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Twitter seeks a stay pending its appeal ("Motion" or "Mot."), ECF No. 34, of the Court's March 3, 2023 Order Denying Twitter's Motion to Vacate or Modify Non-Disclosure Order ["NDO"] and Directing Twitter to Pay Contempt Sanctions ("Order"), ECF No. 29, in some form, including "an administrative stay of that order[,]" Twitter Reply In Supp. of Its Mot. For Stay Pending Appeal ("Twitter Reply") at 10, ECF No. 38. Twitter believes that the Order should be stayed pending appeal, *see* Twitter's Not. of Appeal, ECF No. 34, based on its belief that "once Twitter pays the $350,000 in contempt fines on March 13 and thereby purges its contempt," any appeal will be moot. Mot. at 1–2. This may be so, at least as to the contempt sanction, and may already be so as to Twitter's underlying challenge to the execution of the Warrant and NDO at issue. Mootness will be a matter for the D.C. Circuit to resolve as to all these issues on appeal. Nonetheless, saving an appeal from mootness is simply not sufficient to satisfy the extraordinary remedy requested. *See Bhd. of Ry. & S.S. Clerks, Freight Handlers, Express & Station Emps. v. Nat'l Mediation Bd.*, 374 F.2d 269, 275 (D.C. Cir. 1966) ("A stay pending appeal is always an extraordinary remedy[.]"); *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 904 F.3d 1014, 1017 (D.C. Cir. 2018) (per curiam) ("CREW") (describing a stay pending appeal as "extraordinary relief"). Avoiding mootness is Twitter's main argument for a stay, however.

1

A stay request requires a court to "'weigh competing interests,'" *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 244–45 (1936)), and balance the following factors as applied to the specific facts of the case: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies," *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotation marks omitted).  The first two factors are the "most critical" to determining whether a stay is warranted, *CREW*, 904 F.3d at 1017 (quoting *Nken*, 556 U.S. at 434), while the third and fourth factors "merge" when the stay applicant so moves against the government, *Nken*, 556 U.S. at 435.  The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." *Landis*, 299 U.S. at 255.  The first two factors here weigh heavily against Twitter, with the irreparable injury boiling down to potential mootness of the contempt sanctions.  In this balancing, Twitter's Motion must be denied.

First, Twitter is unlikely to succeed on the merits of its appeal.  Twitter contends that the Court likely committed reversible error by (1) requiring Twitter's compliance with the Warrant prior to resolving its NDO challenge, and (2) rejecting Twitter's good-faith and substantial-compliance defense by ordering Twitter to pay contempt fines for failing to comply with the Show Cause Order, *see* Mot. at 6–11, but Twitter is wrong.  Even were Twitter's appeal of the Court's contempt order not mooted by compliance with the Warrant, the company's arguments on the merits are rejected for the same reasons outlined in the Court's March 3, 2023 Memorandum Opinion.  *See* Mem. Op. Re. Ord., ECF No. 30.  To summarize, Twitter (1) willfully violated an

2

unambiguous Warrant by conditioning compliance on obtaining a modification of a separate NDO that would allow disclosure of the Warrant to its account holder—one of the company's most prolific and high-profile political users—and thereby provide that account holder the opportunity to litigate pre-indictment motions; and (2) knowingly failed to take the requisite steps timely to comply with the Warrant, misrepresented to the Court its ability timely to comply with the Minute Order (Feb. 7, 2023) ("Show Cause Order"), and, ultimately, delayed the government's investigation into the user of the Twitter account at issue.  Twitter essentially exploited its position as a large social media platform to usurp the Court's role to determine both the validity of the Warrant's execution methodology and the need for the NDO—despite the company's concededly incomplete information—due to the unique position of the Twitter account user.  For these reasons, Twitter's counterarguments do not present a "'fair ground of litigation,'" as it posits in its reply.  Twitter Reply at 2 (quoting *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986)).

Second, Twitter unpersuasively complains about irreparable injury by paying the $350,000 contempt sanction because the Court's "contempt order [will be] purged and the dispute over it mooted." Mot. at 4.  To be sure, Twitter has yet to pay the civil sanction required by the Order, but those funds will not disappear.  Should Twitter prevail on its argument that the $350,000 contempt fine was unduly punitive, the Clerk of the Court can always return some or all of those funds to Twitter.  *See, e.g.*, *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1057 (7th Cir. 1998) ("Payment of the sanction does not moot the appeal because the appellate court can fashion effective relief to the appellant by ordering that the sum paid in satisfaction of the sanction be returned."); 13B FED. PRAC. & PROC. JURIS. § 3533.2.2 ("An effective remedy is most clearly possible if the fine remains in the district court, not yet covered into the Treasury.").  Indeed, Twitter provides no reason why holding payment of any fines in escrow will moot its challenge to

3

the Order regarding sanctions. *See* Reply at 6 n.1 ("Twitter likewise agrees that holding the money Twitter pays in escrow will help reduce the risk of mootness."). Moreover, the cases upon which Twitter relies to suggest that stays are appropriate to prevent mootness, Mot. at 1–3, are inapposite because, as the government points out, they concern "1) stays designed to prevent sanctions from *accruing* during an appeal by a contemnor who has not complied with the underlying order, and (2) mootness findings resulting from compliance with the underlying order itself, rather than mootness resulting from the payment of fully accrued contempt sanctions." Gov't's Opp'n at 12–13 (emphasis in original ) (citing *In re Grand Jury Investigation of Possible Violations of 18 U.S.C. § 1956 and 50 U.S.C. § 1705*, 2019 WL 2182436, at *5–6 (D.D.C. Apr. 10, 2019) (staying "accrual of the contempt sanctions" during the pendency of an "expedited appeal"); *In re Grand Jury Subpoena No. 7409*, 2018 WL 8334866, at *3–4 (D.D.C. Oct. 5, 2018) (similar); *United States v. Griffin*, 816 F.2d 1, 7 n.4 (D.C. Cir. 1987) (appeal of contempt order was mooted after defendant fully complied with the underlying restitution order); *In re Hunt*, 754 F.2d 1290, 1293–94 (5th Cir. 1985) (similar)). Even were Twitter correct that payment of the sanctions may moot the pending appeal of the sanctions order, the company cites no case holding that avoiding mootness is a reason to grant a stay.

      Twitter also raises the specter of an approach to preserve appellate rights of "refus[ing] to produce anything to the government even *after* being held in contempt—prolonging any harm to the government's investigations and quickly threatening financial ruin for the company as fines doubled daily." Twitter Reply at 4 (emphasis in original). This is an argument that may be persuasive on appeal to avoid a finding of mootness but still does not meet the prerequisites for a stay.

Given that Twitter is unlikely to succeed on the merits and will face no irreparable injury if it promptly pays the contempt sanctions, it is hereby:

**ORDERED** that Twitter's Motion for a Stay Pending Appeal, ECF No. 34, is **DENIED**; it is further

**ORDERED** that, upon payment by Twitter of the $350,000 sanction to the Clerk of the Court for failing to comply with the Show Cause Order, the Clerk of the Court shall not transmit the fine to the U.S. Department of the Treasury but hold those funds in escrow until further order from this Court.

**SO ORDERED**.

Date:  March 10, 2023

_____
BERYL A. HOWELL
Chief Judge